■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS RAMOS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 15, 1976, convicting him of two counts of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. During the trial, two codefendants, Espinal and Cardona, pleaded guilty to both counts of murder in the second degree as charged in the indictment. While taking the pleas, the Trial Judge said he would impose the minimum sentence in apparent exchange for their sparing the State the trouble and expense of a trial and appeal, applying a *sui generis* personal court rule. After a bench conference the court stated: "I have been informed that it is possible that both of you, or one of you, or neither of you, will testify in the case of Dino [the appellant]. You have not made up your mind as yet as to that. I am telling you that if you do testify and you testify perjuriously in my judgment, and in the judgment of the jury, in other words, if the jury rejects your testimony, then that promise of fifteen years will not stand because I will have to add some punishment for the perjury that you committed. Do you understand that? MR. ESPINAL: Yes, sir. MR. CARDONA: Yes, sir. THE COURT: I am not making any threat. I am just making an observation. So what the punishment will be in addition to the fifteen years to life that I have indicated, I have not made up my mind yet as to that. And I can't make up my mind until I hear what the testimony is and how it is received by the jury." The pleas were accepted and the trial proceeded against appellant. When Espinal and Cardona were called by the defense they, speaking through their respective attorneys, refused to testify. At this point the Trial Judge stated that he wanted "to straighten out whatever I said yesterday so that there would be no misunderstanding * * * So don't make this judgment, gentlemen, in fear of reprisals from me, because I want the truth just as much as anybody else." Appellant now claims he was deprived of a fair trial in that he did not obtain the benefit of exculpatory testimony because of the court's threat to Espinal and Cardona. In our view of this record, the Trial Judge's remarks "effectively drove [the] witness[es] off the stand" (see *Webb v Texas,* 409 US 95, 98), thereby

violating appellant's due process rights. Mollen, P. J., Hopkins, Shapiro, Titone and O'Connor, JJ., concur.