*775 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It cannot be said that the Trial Judge’s warning to defendant’s witness “effectively drove that witness off the stand” (Webb v Texas, 409 US 95, 98). The threat in Webb, as in the other cases cited by defendant (People v Ramos, 63 AD2d 1009; United States v Reed, 421 F2d 190; Berg v Morris, 483 F Supp 179) was of prosecution for perjury. Here there was no threat. Rather the Trial Judge, after receiving the concurrence of defendant’s attorney to her doing so, informed the witness (who it was said would testify that he was the one, in fact, who sold the narcotics) that he had the right to remain silent and plead the privilege against self incrimination, that he should come in with an attorney, and that if he testified his testimony “should be referred very strongly to the District Attorney for appropriate action.” Although the words “very strongly” would have been better left unsaid, the warning constituted no more than a statement that if the witness testified to his own commission of a crime the District Attorney would be so advised. As we have recognized in People v Shapiro (50 NY2d 747), there is an obligation to warn a witness though not in terms so intimidating as to interfere with his choice whether to testify. The warning here given did no more than advise the witness of possible consequences of which he was entitled to know before deciding to testify.
We have considered defendant’s other contentions and find them either unpreserved or without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg taking no part.
Order affirmed in a memorandum.