■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARLEY BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered April 10, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his intent to sell the cocaine found in his possession, which is an element of criminal possession of a controlled substance in the third degree. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the

conviction. The mere fact that the evidence is subject to an interpretation different from that found by the jury does not mean the People failed to prove their case beyond a reasonable doubt *(see, People v Gerard,* 50 NY2d 392). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that he was deprived of a fair trial when the prosecutor was permitted to cross-examine him about his use of aliases. Although it was improper for the trial court to have permitted such questioning *(see, People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616, 920; *People v Sandoval,* 34 NY2d 371), in light of the limited reference made to the defendant's aliases, the absence of any implication of criminal conduct in the manner in which the questions were posed and answered and the lack of any additional claimed errors, the error does not constitute ground for reversal *(see, United States v Grayson,* 166 F2d 863; *People v Jimenez,* 79 AD2d 1012; *cf., People v Bannerman,* 110 AD2d 706).

In addition, we find no basis in the record for finding that the trial court abused its discretion with respect to the sentence imposed or that this court should exercise its discretion by reducing the sentence *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.