■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY JACKSON, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered September 24, 1987, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his sales of crack to an undercover police officer on two separate occasions. On appeal, the defendant contends that the prosecution failed to disprove his agency defense beyond a reasonable doubt. In determining whether guilt was established as a matter of law, all evidence must be viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620). Viewed in that light, the evidence reveals that the defendant's conduct evinced sufficient indicia of "[s]alesman-like behavior" *(People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958) to establish that he was not acting solely on behalf of the undercover

officer but that he had a personal interest in promoting the transaction *(see, People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). The trial evidence also supports the defendant's conviction of the count of criminal possession of a controlled substance in the seventh degree as the agency defense is not available for mere possession *(see, People v Sierra,* 45 NY2d 56). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence disproved the agency defense beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.