■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID C. BENNETT, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 19, 1988, upon a verdict convicting defendant of two counts of the crime of rape in the first degree.

Defendant was convicted after a jury trial of two counts of rape in the first degree for raping and aiding an accomplice in raping a woman in June 1988. Defendant was sentenced to consecutive prison terms of 6 to 18 years on the first count and 4 to 12 years on the second count. On appeal, the sole issue raised by defendant is that County Court committed reversible error by failing to preclude certain testimony because the People allegedly failed to turn over all witness statements to defense counsel before the opening arguments in accordance with the so-called *Rosario* rule *(see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866).

We affirm. The record contains defense counsel's admission that he reviewed the subject statements prior to trial. He informed County Court, however, that he had allegedly not received copies of them. Upon being informed of this fact, the prosecutor stated that he thought he had given defense counsel copies but, if not, he would do so immediately. The requested information was apparently provided to defense counsel prior to the calling of the witnesses involved so as to afford sufficient time for the defense to review the statements prior to direct and cross-examination. No evidence of bad faith on the part of the prosecutor has been presented. Under these circumstances, we fail to find any prejudice accruing to defendant from any alleged error committed by the People *(see, People v Jackson,* 143 AD2d 471).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.