■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS MOSQUEDA, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Owen, J.), both rendered December 3, 1986, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, under Indictment No. 86-00154, and criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and petit larceny, under Indictment No. 86-00262, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's convictions for criminal sale of a controlled substance in the second and third degrees arose from two completed cocaine sales and one attempt to sell cocaine to an undercover police officer. The evidence adduced at trial established that the defendant's conduct evinced sufficient indicia of "[s]alesman-like behavior" *(People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958) to establish that he was not acting solely on behalf of the undercover officer, but that he had a personal interest in promoting the transaction *(see, People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). Therefore, the jury properly found that the People disproved the defendant's agency defense beyond a reasonable doubt.

In addition, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of criminal possession of a controlled substance in the third and fourth degrees. Contrary to the defendant's contention, the evidence established that he constructively possessed the cocaine found in the apartment where he was arrested *(see, People v Tejeda,* 73 NY2d 958; *People v Gina,* 137 AD2d 555; *cf., People v Pearson,* 75 NY2d 1001). Upon the exercise of our factual review power, we are

satisfied that the verdict of guilt on these counts is not against the weight of the evidence (CPL 470.15 [5]).

We further find that the trial court did not act improperly by warning the defendant's witness that he was subjecting himself to a possible prosecution for perjury if his testimony at trial differed from previous statements made by him when he entered a plea of guilty (see, People v Lee, 58 NY2d 773; cf., Webb v Texas, 409 US 95; People v Ramos, 63 AD2d 1009).

The defendant's remaining contentions are without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.