■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. FORD, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered June 19, 1989 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted by a Grand Jury in February 1989 in a multicount indictment charging several counts of criminal sale of a controlled substance in the third degree. Certain counts in the indictment were dismissed and ultimately three counts of criminal sale of a controlled substance in the third degree were submitted to the jury. These charges stemmed from three separate incidents whereby defendant reportedly sold cocaine to an undercover investigator with the State Police, Martin Ryfa, in the City of Albany. At trial, both Ryfa and the confidential informant who participated with Ryfa in buying cocaine from defendant testified concerning the drug purchases. Defendant testified on his own behalf and alleged that he had not profited from the sales, but had only purchased the cocaine for the informant as a favor. Defendant was convicted of one count of criminal sale of a controlled substance in the third degree based upon the second remaining count of the indictment. Defendant was subsequently sentenced to 8⅓ to 25 years' imprisonment and this appeal followed.

Initially, we reject defendant's contention that the proof adduced at trial was insufficient as a matter of law to disprove his defense that he was acting merely as the buyer's agent in the drug purchase. A person who acts solely to accommodate a drug buyer without any commercial interest in promoting the sale is the buyer's agent and can only be convicted of possession and not criminal sale of a controlled substance (see, People v Lam Lek Chong, 45 NY2d 64, 73, 74, cert denied 439 US 935). In general, the question of whether a defendant is the seller or mere agent of the buyer is a question of fact for the jury to determine (supra, at 74; see, People v Davis, 147 AD2d 817, lv denied 74 NY2d 807).

Here, viewing the evidence produced by the People in the light most favorable to them (see, e.g., People v Jackson, 155 AD2d 479), we conclude that there was sufficient evidence to establish beyond a reasonable doubt that defendant was not acting as the informant's agent. Defendant was convicted of

the second remaining count of the indictment, which charged him with criminal sale of a controlled substance on February 10, 1988. The informant testified that he had purchased drugs from defendant in the past on his own prior to any agreements made with the police. Although defendant testified that on the day in question he took $300 from the informant and agreed to buy cocaine for the informant as a favor to him, Ryfa testified that it was he who gave defendant the money for the drugs that day and, while the informant was the person who brought Ryfa to defendant, the informant had no money and the cocaine transaction was solely conducted between Ryfa and defendant. Ryfa also contradicted defendant's statement that he had no drugs available of his own to sell and he therefore had to go out on the street to find cocaine for the informant. Ryfa stated that he was watching defendant's apartment while the informant went to get defendant and did not see defendant leave his apartment prior to the time the informant brought defendant over to Ryfa to conduct the drug transaction. Another policeman who was Ryfa's backup on that day corroborated this story. Clearly this all boiled down to a question of credibility, which the jury could properly resolve in the People's favor *(see, People v Scott,* 134 AD2d 379, 380, *lv denied* 70 NY2d 937). Since we do not find the jury's decision to be improper or otherwise against the weight of the credible evidence, no basis for reversal has been presented.

The remaining arguments advanced by defendant have been examined and have been found to be lacking in merit. Despite defendant's contentions otherwise, we find no reversible error in the trial court's remarks to the jury and its jury charge as a whole. As for defendant's contention that the People improperly denied him the results of tests performed on the controlled substances which were the basis for the charges against him, we note that defendant never requested the results in his demand to produce pursuant to CPL 240.20. Although he did request this material in his demand for a bill of particulars, the People properly refused this request since the bill of particulars is meant to provide what the People intend to prove *(see, e.g., People v Byrnes,* 126 AD2d 735), not show how they intend to do so *(see,* 2 Waxner, New York Criminal Practice ¶ 9.11). Moreover, since defense counsel received the material prior to the time the applicable prosecution witness testified and did not request an adjournment, we fail to find any substantial prejudice to defendant *(see, e.g., People v Bennett,* 162 AD2d 820; *People v Jiminez,* 157 AD2d 575). With

respect to defendant's final contention that the sentence imposed was harsh and excessive, we fail to find any clear abuse of the sentencing court's discretion or other extraordinary circumstances which would justify reducing the sentence *(see, People v Zerbst,* 147 AD2d 844, 846, *affd* 74 NY2d 888).

Weiss, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).