■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIFFIN, Appellant.—Judgment, Supreme Court, New York County (Stanley Sklar, J.), rendered July 11, 1984, convicting defendant after a jury trial of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of 10 to 20 years, 7½ to 15 years, and 7½ to 15 years, respectively, unanimously affirmed.

On appeal defendant argues that the prosecutor unfairly threatened Alexander Braggs and Kelvin Bourne when they testified. Braggs and Bourne had been separately indicted for the subject robbery and had pleaded guilty. Both men were on parole at the time of defendant's trial, and could not say with certainty at the trial that the "Anthony Griffin" mentioned in their statements to the police or their guilty pleas was defendant.

At the trial Braggs and Bourne admitted that they took part in the December 5, 1981 robbery of the fast food restaurant at which Braggs worked as a manager. During the robbery, one employee was shot. That employee identified defendant at trial and at a lineup in 1984 as the robber with a gun. A second employee did not identify defendant at the same lineup, but testified at trial that he was the cross-eyed robber who had worn dark glasses. These witnesses and a third employee gave similar descriptions of the armed robber to the police.

On taking the stand, Bourne said he was present against his will. He remembered the robbery and meeting with "Braggs, Austin, and another guy by the name of T". Bourne knew all three, the first names of Braggs and Austin, but not T. Asked if he saw T in the courtroom Bourne said no. Asked if he recognized defendant, Bourne said, "His name is also T." After repeated denials, Bourne then testified that he knew defendant's last name and that he had lived in the same Gates Avenue building. After repeating that he could not

testify that defendant was one of the robbers, Bourne testified that he mentioned the name Anthony Griffin in his statement to the police because the name had been suggested to him. Bourne admitted that when he pleaded guilty he named Anthony Griffin as a robber.

Braggs, who knew Griffin for three years prior to the robbery, identified defendant at trial because, he stated, the prosecutor had told him Griffin would be "right there." Braggs later stated that defendant was Griffin but qualified his testimony on the grounds that the prosecutor had suggested the answer and because he did not want to return to jail.

The trial assistant's persistent and pointed examination of defendant's two accomplices did not deprive defendant of a fair trial. The prosecutor was properly allowed to confront both witnesses for the purpose of having them testify that defendant was in fact the cross-eyed robber that both witnesses knew for several years as "T" or Anthony Griffin. Their testimony to the contrary was incredible. Certainly the prosecutor did not prevent the witnesses from giving truthful testimony. (People v Shapiro, 50 NY2d 747.) These witnesses testified as a result of the prosecutor's persistence, but we find no danger that the jury would not have rejected these witnesses' testimony if they concluded that it was offered to meet the prosecutor's expectations. It was plainly not error for the prosecutor to remind these witnesses of the penalties attendant upon conviction for the commission of perjury (People v Lee, 58 NY2d 773).

We have examined defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.