■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SANTOS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered February 1, 1990, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree for allegedly selling cocaine to undercover police officers on two separate occasions in the Town of Thompson, Sullivan County. Following a jury trial, defendant was found guilty of both counts and was sentenced to concurrent terms of imprisonment of 4 to 12 years for each count. This appeal followed.

We affirm. Viewed in the light most favorable to the People (see, e.g., People v Contes, 60 NY2d 620, 621), it is apparent that sufficient evidence was produced at trial to support the jury's verdict. While defendant contends that he was an agent for the undercover police with respect to the purchases of cocaine, it is well settled that the question of whether a defendant was acting as an agent for the buyer is a question of fact to be determined by the trier of fact (see, People v Lam Lek Chong, 45 NY2d 64, 74-75, cert denied 439 US 935; People v Ford, 174 AD2d 853, lv denied 78 NY2d 955).

Here, the People's evidence sufficiently established that defendant, an admitted drug user, negotiated the price to be paid for the drugs, used money of his own to initially obtain the drugs from another distributor and personally vouched for the quality of the cocaine sold. In addition, the undercover police officers who participated in the transactions testified that defendant was not given any money up front for the deals, but instead money was exchanged after defendant obtained the drugs and presented them for sale. Although defendant testified that on each occasion he had been provided with the money up front and that each of the transactions had been completed solely as a favor, these were all questions of credibility that the jury could properly resolve in the People's favor (see, People v Ford, supra).

The remaining errors assigned by defendant, including his challenges to the jury charge, have been examined and have been found to be unavailing.

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Ordered that the judgment is affirmed.