■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MURRAY, Also Known as THOMAS GASCOYNE, Appellant. [634 NYS2d 587] —Judgment unanimously affirmed. Memorandum: Defendant contends that the circumstantial evidence is legally insufficient to sustain his conviction of burglary in the second degree. We disagree. The evidence shows that, between 10:00 and 10:30 A.M. on October 5, 1993, defendant dropped off his nephew on Military Road in the Town of Tonawanda. The nephew subsequently broke into a nearby residence on Oakridge Street. The nephew, confronted by one of the occupants, fled the residence carrying a white pillowcase filled with items. A witness observed defendant driving his vehicle slowly along Military Road. He also observed defendant's nephew running in the street, carrying a tapestry bag with large handles and looking for someone or something. Defendant immediately accelerated toward his nephew, who jumped in the vehicle when it stopped. Defendant turned his vehicle around and drove off. Defendant's vehicle was stopped by the police approximately one-half mile from the scene of the burglary. The police observed defendant's nephew crouched in a fetal position on the passenger-side floor of the vehicle. Inside the vehicle was an empty white pillowcase and a floral bag containing stolen items. Defendant told the police that his passenger was a hitchhiker whom he had picked up somewhere on Military Road. Defendant later admitted to the police that his passenger was his nephew. Defendant also told the police that his nephew could have been carrying the floral bag when he entered the vehicle and that the white pillowcase in the vehicle belonged to him. The police also found in the vehicle a scanner that was tuned to the local police frequency. Defendant stated that he knew that his nephew had a police scanner with him and that he knew his nephew had done something wrong. That circumstantial evidence, when viewed in the light most favorable to the People and given the benefit of every reasonable inference, is sufficient to establish accessorial liability and support defendant's conviction of burglary in the second degree *(see, People v Jackson,* 44 NY2d 935; *People v Keitt,* 42 NY2d 926; *People v Coll,* 157 AD2d 502, *lv denied* 76 NY2d 732).

We reject the contention of defendant that his constitutional rights to due process and compulsory process were violated by statements made by the District Attorney to defendant's nephew. Although the record shows that the District Attorney advised the nephew of the penalties associated with perjury, it does not indicate that the District Attorney threatened to prosecute the nephew for perjury if he testified on defendant's behalf. Consequently, the record does not support defendant's contention that the District Attorney through intimidation prevented the nephew from testifying *(see, People v Griffin,* 177 AD2d 384, 385, *lv denied* 79 NY2d 1001; *see also, People v Lee,* 58 NY2d 773, 774-775).

We likewise reject the contention of defendant that the use of his alias by the District Attorney and the People's witnesses deprived him of a fair trial. Because the use of the alias did not suggest his involvement in other criminal activities, defendant was not prejudiced thereby *(see, e.g., People v Dobbs,* 148 AD2d 627, *lv denied* 74 NY2d 739; *People v Butler,* 138 AD2d 615, *lv denied* 71 NY2d 1024).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.