■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SHEPPARD, Appellant. [708 NYS2d 740] —Peters, J. Appeal

from a judgment of the County Court of Sullivan County (La-Buda, J.), rendered January 28, 1999, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to an undercover investigation, a "confidential source" working with the Drug Enforcement Agency in conjunction with the Village of Monticello Police Department in Sullivan County approached defendant on July 14, 1998 to buy four bags of heroin. Defendant left and told him to have the money ready. Approximately 15 minutes later, the confidential source was advised that defendant was waiting for him in another location where, after tendering $105, he received the drugs. On August 20, 1998, the confidential source again requested heroin from defendant. When told that none was available, he requested cocaine. After receiving $125, defendant left, returning approximately 1¾ hours later with the drugs. Defendant was thereafter arrested and indicted for two counts of criminal sale of a controlled substance in the third degree. After a jury trial, he was convicted on both counts and sentenced as a second felony offender to consecutive prison terms of 10 to 20 years. He appeals, challenging the legal sufficiency and weight of the evidence, as well as the racial composition of the jury and the harshness of his sentence.

Upon viewing the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620) and according them the benefit of every reasonable inference, we find the verdict amply supported by the evidence (*see, People v Bleakley*, 69 NY2d 490) and not unreasonable (*see, People v Howard*, 169 AD2d 984). The jury properly rejected defendant's assertion that he was merely an agent who readily agreed to obtain drugs for the confidential source (*see, People v Lam Lek Chong*, 45 NY2d 64, *cert denied* 439 US 935). Record evidence reveals "that the defendant's conduct evinced sufficient indicia of '[s]alesman-like behavior' to establish that he was not acting solely [as an agent] but that he had a personal interest in promoting the transaction" (*People v Jackson*, 155 AD2d 479, 479-480, quoting *People v Roche*, 45 NY2d 78, 85, *cert denied* 439 US 958; *see, People v Mosqueda*, 170 AD2d 700). In the exercise of our factual review power, we are satisfied that the evidence disproved the defense beyond a reasonable doubt and that the verdict was not against the weight of the evidence (*see, People v Bleakley, supra*, at 495; *People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926). With defendant's objection to the racial composition of the jury unpreserved for our review (*see, People v Smith*, 81 NY2d 875), we next address the sentencing issue.

While the aggregate sentence of 20 to 40 years of imprisonment exceeds the maximum aggregate sentence permitted by Penal Law § 70.30 (1) (e) (i), we find that since the Department of Correctional Services will administratively recalculate it to the legally authorized limit of 30 years, no action on our part is required (*see, People v Moore*, 61 NY2d 575, 578). Yet, we have a broad plenary power to modify any sentence in the interest of justice (*see, People v Delgado*, 80 NY2d 780) even though it may be within the permissible statutory range (*see, id.*; *see also*, CPL 470.15 [6] [b]). And, while our intrusion into the discretionary area of sentencing should rarely be exercised, we are of the opinion that the resulting aggregate consecutive sentence imposed here was unduly severe. Not unmindful that defendant was a second felony offender, we find that numerous other factors, including the sentence recommended by the People (6 to 12 years of imprisonment to run concurrently) and the fact that defendant sold a small quantity of drugs, warrant our modification thereof to concurrent prison terms.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the prison sentences imposed on defendant be served concurrently rather than consecutively, and, as so modified, affirmed.