■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS G. KENNEDY, Appellant. [895 NYS2d 436]—

Contrary to the defendant's contention, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired, and, even if some of the testimony elicited was inadmissible, no prejudice to the defendant could have resulted therefrom (see CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston,* 88 NY2d 400, 409 [1996]).

The trial court did not err in allowing the People to submit evidence of cocaine residue in the defendant's pants pocket. Contrary to the defendant's assertion, this evidence was not evidence of a separate uncharged crime (cf. *People v Resek,* 3 NY3d 385, 387 [2004]; *People v Tosca,* 98 NY2d 660, 661 [2002]), but, rather, was evidence that he possessed the cocaine with which he was charged with possessing in the present case.

The defendant's contention that an expert police witness's testimony invaded the jury's exclusive province of determining an ultimate fact issue in the case (see *People v Goodwine,* 177 AD2d 708, 709 [1991]), is unpreserved for appellate review (see CPL 470.05 [2]). In any event, even if the testimony was improper, its admission was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (see *People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Contrary to the defendant's assertion, the assistant district attorney did not "dr[i]ve a key defense witness from the witness stand through intimidation" (cf. *Webb v Texas,* 409 US 95, 98 [1972]; *People v Shapiro,* 50 NY2d 747, 760 [1980]; *People v Ramos,* 63 AD2d 1009 [1978]). Rather, the record shows that defense counsel chose not to call the witness to testify. Moreover, the Supreme Court properly conducted an inquiry to insure that the potential witness, who claimed that the narcotics were his, was aware of the possible legal consequences of giving testimony and of his privilege to refuse to testify (see *People v Siegel,* 87 NY2d 536, 543 [1995]; *People v Lee,* 58 NY2d 773, 775 [1982]). Furthermore, the extensive questioning by the potential witness's attorney was necessitated by the potential witness's mental illness.

The defendant contends that the prosecutor's summation

deprived him of a fair trial. The challenged remarks, however, were responsive to defense counsel's opening and closing statements (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Molinaro,* 62 AD3d 724, 724-725 [2009]). Furthermore, the prosecutor did not misstate the law with respect to the so-called automobile presumption (*see* Penal Law § 220.25).

The sentences imposed on the convictions for criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree were excessive to the extent indicated herein (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.