Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 6, 2009, convicting defendant, after a jury trial, of grand larceny in the third degree and 144 counts of falsifying business records in the first degree, and sentencing her to concurrent terms of 90 days, with five years’ probation, a fine and community service, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). On the contrary, we find the evidence to be overwhelming. There was ample proof that defendant was not authorized to manipulate sales records, such as by recording fictional transactions, so as to benefit herself at her employer’s expense. Furthermore, her pattern of behavior demonstrated her fraudulent intent and awareness that her actions were unauthorized.
The court properly exercised its discretion in restricting, to matters relevant to the charges, defendant’s discovery of her employer’s computerized records (see People v Gissendanner, 48 NY2d 543, 547-551 [1979]). Defendant’s subpoena duces tecum was overbroad. Although afforded an opportunity to make more targeted discovery requests, she failed to do so. Instead she requested an impermissibly open-ended fishing expedition into the company’s records based on speculation that relevant information might be found. Defendant received extensive discovery as to relevant matters, and there is no reason to believe she was deprived of any exculpatory or impeaching evidence.
The record does not support defendant’s claim that a defense witness was intimidated by the court and the prosecutor into declining to testify. The court simply, and correctly, advised the witness that if she admitted having engaged in the same kind of transactions that led to the charges against defendant, and if those transactions were not authorized by the employer, she could be prosecuted as well (see People v Lee, 58 NY2d 773 [1982]). The People properly refused to immunize the witness *912 (see People v Adams, 53 NY2d 241, 247 [1981]), and the court properly assigned her an attorney. On advice of counsel, the witness indicated she would invoke her Fifth Amendment privilege as to potentially incriminating matters, and defendant chose not to call her. We do not find any evidence of intimidation (compare People v Shapiro, 50 NY2d 747, 761-762 [1980]).
We have considered and rejected defendant’s challenges to the court’s evidentiary rulings and the prosecutor’s summation. Defendant’s repugnant verdict claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Gonzalez, EJ., Andrias, Acosta, Renwick and Abdus-Salaam, JJ.