US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Rivera, Hall and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN JOHNSON, Appellant. [970 NYS2d 91]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed January 12, 2009, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain review of the severity of his or her sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, the Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *see People v Grant*, 83 AD3d 862, 862-863 [2011]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]). Therefore, "notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal" (*People v Bradshaw*, 18 NY3d at 267; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Vasquez*, 101 AD3d 1054 [2012]).

Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Dickerson, Lott and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS G. KENNEDY, Appellant. [969 NYS2d 923]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 19, 2010 (*People v Kennedy*, 69 AD3d 881 [2010]), affirming a judgment of the County Court, Suffolk County, rendered April 25, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE ROBINSON, Appellant. [969 NYS2d 919]—Appeal by the