People v Grimes (2019 NY Slip Op 05461)





People v Grimes


2019 NY Slip Op 05461


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


672 KA 17-01072

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR J. GRIMES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered August 16, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]). Although defendant preserved for our review his contention that the evidence is legally insufficient to establish that he committed the burglary as a principal by entering the victim's dwelling with intent to commit a crime therein, he failed to preserve his further contention that the evidence is not legally sufficient to establish his liability as an accomplice because his motion for a trial order of dismissal was not specifically directed at that alleged insufficiency (see People v Gray, 86 NY2d 10, 19 [1995]; People v Goodrum, 72 AD3d 1639, 1639 [4th Dept 2010], lv denied 15 NY3d 773 [2010]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's liability as an accomplice inasmuch as there is " a valid line of reasoning and permissible inferences from which a rational jury' " could have found that defendant intentionally aided another in the conduct constituting the offense while acting with the mental culpability required for the commission of the crime (People v Danielson, 9 NY3d 342, 349 [2007]; see § 20.00; People v Murray, 221 AD2d 930, 930 [4th Dept 1995], lv denied 87 NY2d 905 [1995]; People v Poppel, 143 AD2d 854, 854 [2d Dept 1988]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
As defendant contends and the People correctly concede, however, reversal is required as a result of " the absence of record proof that the trial court complied with its [meaningful notice obligation] under CPL 310.30' " in response to two substantive jury notes (People v Morrison, 32 NY3d 951, 952 [2018]; see People v Parker, 32 NY3d 49, 60-61 [2018]). Here, the stenographer was unable to transcribe the final day of the trial that included County Court's handling of the jury notes due to an error that rendered the subject electronic stenographic notes unrecoverable, and a reconstruction hearing failed to establish the court's on-the-record handling of those notes. We "cannot assume that the proper procedure was utilized when the record is devoid of information as to how jury notes were handled" (People v Silva, 24 NY3d 294, 300 [2014], rearg denied 24 NY3d 1216 [2015] [internal quotation marks omitted]; see Parker, 32 NY3d at 60). We therefore reverse the judgment and grant a new trial. In light of our determination, defendant's challenge to the propriety of holding a reconstruction hearing under [*2]these circumstances is moot, and we reject defendant's contention that his challenge falls within the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Finally, given our determination, we do not address defendant's challenge to the severity of the sentence.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court