■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JIMINEZ, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered October 30, 1987, which convicted defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentenced him to an indeterminate term of from 2 to 6 years on the robbery in the first degree, concurrent with a similar term of from 1½ years to 4½ years on one count of robbery in the second degree and consecutive to a similar

term of from 1½ to 4½ years on the other count of robbery in the second degree, is unanimously affirmed.

The hearing court's denial of defendant's motion to suppress the several victims' in-court identifications of him was proper. There was nothing impermissibly suggestive in their street showup identifications. The defendant's claim that the police showing of him to one victim waiting near the scene of the crime was improper is totally conclusory. His shirtless attire was hardly suggestive on a summer night. Also, the identification took place within 15 minutes of the crime, and the lack of a shirt was irrelevant as the victim recognized defendant's face *(see, People v Riley,* 70 NY2d 523, 529 [1987]). The street showup for the other victim, in a separate robbery, was a spontaneous event and not arranged by the police *(People v Acevedo,* 102 AD2d 336, 339-340 [1st Dept 1984]). Both identifications were immediate and without police prompting. Further, the subsequent identifications at the police station were only confirmatory and are acceptable in the circumstances *(People v Perez,* 139 AD2d 460 [1st Dept 1988]).

The defendant's receipt of *Rosario* material at the trial, while perhaps belated, does not require reversal *(People v Rosario,* 9 NY2d 286 [1961]). He received them in time for use at the trial, which he did. There was no substantial prejudice, and any error can be considered harmless *(People v Martinez,* 71 NY2d 937, 940 [1988]).

Finally, defendant complains of the trial court's failure to sever the two robberies tried in the joint trial. However, he never moved for a severance. Thus, this point was waived for appellate review, as a matter of law (CPL 470.05 [2]). In any event, severance is a matter committed to the court's discretion (CPL 200.20 [3]). We perceive no abuse of it here. Concur —Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.