■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUJAHID MUHAMMAD, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 9, 1987, convicting defendant, after a jury trial, of grand larceny in the fourth degree (Penal Law § 155.30 [5]) and jostling (Penal Law § 165.25) and sentencing him, as a second felony offender, to concurrent, indeterminate terms of imprisonment of from 1¾ to 3½ years and one year, respectively, unanimously affirmed.

At approximately 11:30 P.M. on July 1, 1987, defendant approached the complainant, Laura Horowitz, who had left a theatre on Broadway and 46th Street, and placed his hand inside her shoulder bag. Feeling a tug, complainant turned around in time to see defendant remove his hand, fist clenched, from her bag. Defendant then "touched hands" with codefendant, Angela Nash, who shouted "Go" just before defendant and ran across Broadway.

As complainant grabbed Nash by her shirt, the complainant's husband, an off-duty police officer, chased the fleeing defendant, and caught him two blocks away. Soon after, police officers arrived and defendant was arrested after a showup identification was made by complainant.

On appeal, defendant argues that the showup was improper, and that the court erred as a matter of law in not charging the jury with the lesser included offense of attempted grand larceny in the fourth degree.

These arguments are without merit. While crime scene showups are inherently suggestive, they are permissible when conducted in close proximity to time and place of the crime. *(People v Riley,* 70 NY2d 523 [1987]; *People v Acevedo,* 102 AD2d 336, 339-340.) Here, the showup occurred within minutes of the crime, and defendant was apprehended only blocks away from the scene, after a chase in which he remained in sight at all times. Nor do we accept defendant's argument that his having been handcuffed and seated in a police car at the time of the showup so tainted this identification as to warrant its suppression. *(See, People v Andre A.,* 146 AD2d 704.)

Similarly unpersuasive is defendant's argument concerning the failure to charge the lesser included offense of attempted grand larceny in the fourth degree. We have examined this record and conclude that there was no reasonable view of the evidence that would have supported a finding that the defendant committed the lesser offense, but not the greater. (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63; *People v Scarborough,* 49 NY2d 364, 368.) Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.