■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHADON NIXON, Appellant.—Judgment of the Supreme Court, New York County (Stephen G. Crane, J.), rendered January 7, 1988, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree and sentencing him as a second felony offender to concurrent prison terms of 6 to 12 years and 2 to 4 years on the robbery and grand larceny counts, respectively, is unanimously affirmed.

Defendant was convicted of mugging the complainant in the Times Square area, with the help of four others. As the five robbers walked away, the victim immediately summoned help from a nearby police officer. After all five were arrested, the complainant positively identified them. At the suppression hearing, both the officer and the victim testified as to the distinctive appearance or dress of the five robbers; both testified that this defendant wore a distinctive green tank top. About 10 minutes after the robbery, the victim observed each suspect separately, at the precinct, and made a confirmatory identification as to each. A few moments later the victim saw the suspects in a holding cell, when they started to curse and yell at him; this viewing only took about two seconds before the victim was ushered away.

Viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620), we conclude that defendant's guilt was proved beyond a reasonable doubt. We note the police-arranged identification procedure of significance, the identification being made a minute after the robbery when the victim positively identified defendant and the other suspects. This procedure did not evince any undue suggestiveness. The showup at the precinct was only a confirmatory identification. It was not an improper police-arranged showup at the precinct serving as an initial identification, the unreliability of which is well established (cf., People v Riley, 70 NY2d 523). Nor do we conclude that, under these circumstances, the precinct confirmatory identification increased the likelihood of a misidentification (compare, People v Lorick, 142 AD2d 501). The circumstances which led us to criticize the precinct showup in Lorick, which included a dubious street identification, made manifest the danger addressed in People v Riley (supra). In the present case, where the street identification could not have been more conclusive, those circumstances are not present. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.