■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE FORESTIER, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered April 25, 1988, convicting defendant of attempted murder in the second degree and robbery in the first degree, and sentencing defendant as a second violent felony offender to concurrent terms of six to twelve years and eight to sixteen years, respectively, unanimously modified, on the law, the sentence vacated and the matter remanded for resentencing of defendant as a second felony offender, and otherwise affirmed.

The defendant and his accomplices were apprehended on the street by police officers minutes after robbing several people in an apartment. Two of the victims were brought to the scene of the arrest, where they positively identified the defendant. These two victims were then brought to the precinct, where they again identified defendant. Other victims made their own way to the precinct and spontaneously recognized defendant, whose arrest was being processed.

The initial on-the-scene identifications were clear and unequivocal, and the victims, upon seeing defendant in the precinct, spontaneously identified him again. In this context, the identifications at the precinct were merely confirmatory *(see, People v Jiminez,* 157 AD2d 575), and need not be suppressed under the general rule barring precinct show-up identifications. *(See generally, People v Lorick,* 142 AD2d 501; *People v Riley,* 70 NY2d 523.) As to other victims who arrived unescorted at the precinct, their identifications were not the result of a police arranged procedure *(compare, People v Riley, supra; compare, People v Diaz,* 155 AD2d 612; *compare also, People v Smalls,* 112 AD2d 173).

The People concede that defendant was illegally sentenced as a second violent felony offender, since the predicate conviction, manslaughter in the second degree, is not classed as a violent felony offense *(see,* Penal Law § 70.02 [1]; § 70.04 [1] [b] [i]). Accordingly, the matter is remanded to the trial court for resentencing of defendant as a second felony offender. Concur —Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.