■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BAILEY, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered April 21, 1986, convicting him after a jury trial of four counts of robbery in the first degree, and sentencing him to four concurrent, indeterminate terms of imprisonment of 10 to 20 years, unanimously affirmed.

At the hearing on defendant's motion to suppress identification testimony, the arresting officer testified that at approximately 1:00 A.M. he heard a gunshot and saw defendant and his companions walking quickly from the source of the sound. Immediately thereafter a civilian approached the officer and

stated that the three men had robbed him. He reported that the assailant in the white jacket had possessed the gun, the one in blue denim had a knife and that the third had acted as the lookout. During the brief chase that followed, the person in the white jacket dropped a gun. When defendant and his companions were subdued, a search resulted in the recovery of a knife, a gold chain, and woman's jewelry.

At the scene of the arrest, defendant and his two companions were identified by the robbery victim who later identified defendant and his companions at the precinct, as they stood at the front desk.

The evidence adduced at trial shows that the gun used in the robbery had discharged when a second victim was struck in the head. This victim testified that the attackers were three black men. The first victim who testified at the hearing identified defendant as one of the three robbers.

The weight of the evidence supports defendant's conviction. (People v Bleakley, 69 NY2d 490.) The victim's account of the robbery was corroborated by the police testimony that they heard a shot and then saw defendant and his companions walking quickly away from where the shot had been fired. Defendant's identification as one of the robbers was confirmed by the fact that a gun, a knife, and stolen property were recovered when he and his companions were captured and searched. Since the second robbery victim did not identify defendant, there was no danger that the jury's verdict rests on unreliable identification testimony.

Defendant's motion to suppress identification testimony was properly denied. Defendant and his companions were captured after a chase in which he remained within sight of the robbery victim and then the officers. (People v Clemons, 166 AD2d 363, 365; People v Muhammad, 159 AD2d 266, lv denied 76 NY2d 740.) Neither proceeding that followed the victim's initial identification of defendant and his cohorts created the danger of an irreparable misidentification. (People v Jiminez, 157 AD2d 575; People v Perez, 139 AD2d 460.) Further, the danger of suggestiveness ordinarily inherent in stationhouse showups (People v Riley, 70 NY2d 523) was not an issue in this case in view of the two earlier identification procedures (People v Gissendanner, 48 NY2d 543, 552) and the overall overwhelming proof connecting defendant to the robbery (People v Adams, 53 NY2d 241).

We discern no partiality in the court's charge to the jury nor in the circumstances do we find the sentence imposed to

be unduly harsh. Concur—Wallach, J. P., Kupferman and Ross, JJ.

Smith, J., concurs in a separate memorandum as follows: I concur in the judgment because of the overwhelming evidence of guilt. Nevertheless, it is clear that the admission into evidence of a showup identification of the defendant at a police precinct was erroneous. *(People v Riley,* 70 NY2d 523 [1987].) The *Riley* case had not been decided at the time of the trial here. In it the Court of Appeals decided: "Unreliability of the most extreme kind infects showup identifications of arrested persons held at police stations, and the evidence will be inadmissible as a matter of law unless exigency warrants otherwise." (70 NY2d, *supra,* at 529.)

There was no exigency here and the precinct showup was inadmissible. Nevertheless because the defendant was caught and identified on the street shortly after a robbery and because the evidence of guilt is overwhelming, I concur in the affirmance of the judgment.