■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS ANDUJAR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered June 7, 1989, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

By failing to object to the court's failure to charge the jury on the lesser included offense of assault in the second degree, the defendant waived his objection to the charge as given and, therefore, his claim of error is not preserved for appellate review (CPL 300.50 [1]; *People v Hunter,* 141 AD2d 847; *People v Charles,* 111 AD2d 405).

The defendant contends that he was deprived of the effective assistance of counsel because his attorney failed to request that the lesser included offense of assault in the second degree be submitted to the jury. We note that a reviewing court must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146; *People v Rivera,* 71 NY2d 705; *People v Badia,* 159 AD2d 577). We decline to second guess the trial strategy of requesting the submission of reckless endangerment in the second degree as a lesser offense rather than assault in the second degree.

We find that the defendant's sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.