■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CASCOIGNE, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 2, 1991, convicting defendant of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of imprisonment of five to fifteen years, unanimously affirmed.

Showup identifications in general, and precinct house showups in particular, are disfavored *(People v Riley,* 70 NY2d 523, 529). The initial, spontaneous identification was not, however, police arranged, and since it preceded the showup, could not have been tainted by any improper suggestiveness emanating therefrom. The initial identification was therefore admissible. Moreover, the showup at the precinct was merely a confirmatory identification, the defendant having been identified under non-suggestive circumstances *(People v Nixon,* 162 AD2d 225, *lv denied* 76 NY2d 862). Here, not only was the showup preceded by a spontaneous street identification, making it presumptively reliable, but also, there was cogent evidence that the witness knew the defendant.

Evidence was admitted, over defendant's objection, that defendant was a drug dealer. The prosecutor commented on this evidence in summation, stating that the shooting was motivated by a desire to punish Albert Davis for barring defendant from the building. The evidence of defendant's involvement in the drug trade was not admitted solely to establish a criminal propensity on the part of the defendant

*(People v Molineux,* 168 NY 264). Rather, the evidence was properly admitted to show motive. Further, the probative value of the evidence outweighed the prejudice to defendant arising from admission of the testimony. The testimony clearly established that the defendant shot the victim because the victim opposed the defendant's attempt to enter his building.

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.