■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY KELLY, Appellant. [599 NYS2d 116] —Appeal by the defendant (1) from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered April 5, 1989, convicting him of robbery in the first degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated September 26, 1990, denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and order are affirmed.

On August 27, 1987, the defendant, armed with a gun, committed a robbery at a delicatessen in Ossining and escaped. Six months later, on the morning of February 26, 1988, the defendant returned to the delicatessen, where he again committed a robbery, this time with a knife. Once again, he escaped. He was recognized by the store manager as the man who had robbed her in August 1987. That same afternoon, he returned yet again to the delicatessen and had a knife in one hand, the other hand on the front door, and a stocking mask half-donned, when he was scared away by the manager and customers. The manager telephoned the police who captured the defendant and recovered the knife minutes later and brought the defendant immediately back to the delicatessen, where witnesses identified him as the robber.

Contrary to the defendant's contention, the court did not err in admitting evidence of the showup identifications which were clearly confirmatory viewings and did not constitute an investigatory identification procedure *(see, People v Walker,*

127 AD2d 868). Moreover, we also disagree with the defendant's contention that the failure of the prosecution to provide his arrest photograph to the defense counsel (even though the defense counsel did not request it at trial), was reversible error. We conclude that there was no reasonable possibility that it contributed to the verdict (see, People v Vilardi, 76 NY2d 67). At best, the arrest photograph could only have been used to impeach the credibility of one witness who testified that she had seen the defendant outside the delicatessen during the attempted robbery on the afternoon of February 26, 1988. However, two other eyewitnesses and the arresting police officer testified as to the defendant's identity, and the defense counsel stipulated that the defendant was "the person who was outside the store at that time".

We find no merit to the defendant's contention that the court should have submitted to the jury lesser included offenses with respect to the charges of attempted robbery in the first degree and one count of robbery in the first degree. The evidence that the defendant possessed a knife and was attempting to use it to threaten the delicatessen's manager was overwhelming. Furthermore, the defendant did not request a lesser included offense charge as to the 1987 robbery at trial, thereby failing to preserve the issue for appellate review (see, CPL 300.50 [1]; People v Andujar, 180 AD2d 743). Nor did the defendant assert the affirmative defense provided for in Penal Law § 160.15 (4) by making a prima facie showing that the gun was inoperable or unloaded (see, People v Cotarelo, 71 NY2d 941).

The defendant also failed to demonstrate that there was ineffective assistance of counsel, since "the evidence, the law, and the circumstances * * * viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147).

Finally, the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.