*823 OPINION OF THE COURT
John P. Collins, J.
A showup has been held by this court to be fair and proper. The court now learns that the viewing witness has subsequently been shown a single photo of the individual identified at the showup. Must an independent source hearing now be held? That is the issue here.
The defendants are charged with acting in concert in the murder of one individual and the attempted murder of four others on April 6, 1992 in the vicinity of 178th Street and Vyse Avenue in Bronx County.
Each defendant was exhibited in a showup held shortly after his detention and close in distance to the crime scene. After a hearing, the court held these showups to be lawful, proper and not violative of each defendant’s constitutional rights. The independent source issue was not reached at these hearings.
The court has now learned that a police detective, some hours after the showups and arrests, took polaroid photos of the defendants. These photos were then shown to two of the victims who had previously identified the perpetrators at the showups.
The District Attorney claims that these photo showings took place solely so that the police could better understand the part played by each defendant. The detective has testified in a similar vein. The People argue that the showing of the photos was merely confirmatory.
The general rule is that the showing of a single photo or the holding of a suggestive showup is violative of a defendant’s due process rights. Any resulting in-court identification must be suppressed unless it is demonstrated — at a hearing — that the latter identification has an independent source (see, Manson v Brathwaite, 432 US 98).
There are recognized exceptions to the rule. When a trained police officer, who is a witness, views a single photo or makes an identification at a showup — in certain circumstances — the viewing is regarded as confirmatory. An independent source hearing is not required in such a situation (see, People v Morales, 37 NY2d 262).
A second exception exists where the witness and defendant know each other. Here, however, a hearing is required to determine how the parties know each other (see, People v Rodriguez, 79 NY2d 445).
*824 The District Attorney claims that there is a third exception. He states that where a constitutionally permissible showup has been held, any subsequent showing of a single photo is merely confirmatory. He cites for this proposition People v Cox (164 AD2d 779), People v Sweeper (165 AD2d 691), People v Nixon (162 App Div 225) and People v Cascoigne (189 AD2d 714).
This court observes that the District Attorney has incorrectly applied the holdings in those cases. It is true that in each of those cases the initial identification procedure was found to be constitutionally valid. It is likewise correct that the second identification in each instance was one which ordinarily would be regarded as improper, e.g., a showup or the showing of a single photo.
The court here suggests that the reason that each of those second identifications passed muster was not solely because the appellate court found the initial identification procedure to be constitutionally proper. Instead it was for the reason that each of the earlier identification procedures was either presumptively reliable or there was demonstrative evidence of reliability before the court.
In Nixon (supra), the victim testified at the suppression hearing; in Sweeper (supra), the complainant led the police to the robber; in Cascoigne (supra), the witness knew the defendant and the first confrontation was not police arranged and in Cox (supra), the complainant arranged the street identification.
The proper test then is not whether the exhibition of the photo was confirmatory; rather it concerns the reliability of the initial identification.
The Appellate Division in People v Lorick (142 AD2d 501) has made it abundantly clear that when the first identification is unreliable, the second identification will not be held to be confirmatory.
This court deduces the rule to be thus — where a constitutionally permissible identification (one not violative of due process) takes place and there is presumptive evidence of reliability as to the identification, a subsequent improper identification will be regarded as harmless or merely confirmatory and no independent source hearing need be held. However, where there is no presumptive evidence as to the reliability of the first identification, an independent source hearing must be held to determine the reliability of the first identifica *825 tian. If found to be reliable, then the subsequent improper identification may be held to be harmless or confirmatory.
In the instant case, the initial identification was arranged by the police. Nothing is known as to the basis on which the complainants made the identifications. Hence an independent source hearing must now be held and by reason of People v Burts (78 NY2d 20), this must be done before the trial commences.