■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL MARTIN, Appellant. [650 NYS2d 574] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 1, 1994, convicting him of robbery in the second degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Showup identifications in general, and precinct house showups in particular, are disfavored (*see, People v Riley,* 70 NY2d 523; *People v Cascoigne,* 189 AD2d 714). Here, however, the showup identification was made only minutes after the commission of the crime and initial street identification of the defendant, and virtually around the corner from the crime scene. As such, "[t]his was one unbroken chain of events—crime, escape, pursuit, apprehension and identifications—all within minutes and within a New York City block and a half" (*People v Duuvon,* 77 NY2d 541, 544-545; *People v Perez,* 209 AD2d 643, 644; *People v Suarez,* 201 AD2d 747, 748; *People v Kelly,* 194 AD2d 693; *People v Fabrizis,* 145 AD2d 504; *cf., People v Lorick,* 142 AD2d 501). As such, the subsequent precinct showup did not "creat[e] the danger of an irreparable misidentification" (*People v Bailey,* 178 AD2d 232, 233; *People v Cox,* 164 AD2d 779; *People v Nixon,* 162 AD2d 225).

The defendant's remaining contention is without merit. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.