■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL BONILLA, Appellant. [650 NYS2d 531] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered November 9, 1994, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and assault in the first degree, and sentencing him to consecutive terms of 25 years to life, 12$^1$/2 to 25 years and 3 to 6 years, respectively, unanimously affirmed.

Defendant has failed to preserve either of his claims for appellate review, notwithstanding the objections and requests made by a codefendant (*People v Buckley*, 75 NY2d 843, 846), and we decline to review them in the interest of justice. Were

we to reach his first claim, we would find that he received the benefit of an independent source hearing, where the court had already found that the initial show-up identifications were "lawful, proper, and did not violate the defendants' constitutional rights" and that the subsequent photographic viewing was merely confirmatory by its finding "that this was done so that each complainant could tell the police what each defendant did by pointing to the face in the photo." Therefore, the court's restrictions on cross-examination at the independent source hearing caused no prejudice. As for defendant's second claim, a missing witness charge was properly denied where the defense failed to demonstrate " 'that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party' " (*People v Kitching*, 78 NY2d 532, 536, quoting *People v Gonzalez*, 68 NY2d 424, 427). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.