■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MELENDEZ, Appellant. [660 NYS2d 11] —Judgment, Supreme Court, New York County (Charles Tejada, J., at suppression hearing; Dorothy Cropper, J., at jury trial), rendered February 4, 1994, convicting defendant, of robbery in the first degree, attempted robbery in the first degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to concurrent prison

terms of 9 to 18 years, 6 to 12 years and 1 year, respectively, unanimously affirmed.

Once defendant, who sufficiently matched the general description broadcast over the police radio, was found hiding under a car near the scene of the reported robbery, the police officers had reasonable cause to detain him for a possible identification by other officers to whom defendant had been identified by a complainant, and who had themselves seen defendant discard a gun (*People v Hicks*, 68 NY2d 234). Upon the officers' identification of him as the perpetrator, there was probable cause to arrest defendant (*supra*).

The complainant's showup identification of defendant at the location where he was being detained, after having twice identified him from inside a patrol car, was merely confirmatory and was not suggestive (*People v Duuvon*, 77 NY2d 541; *People v Martindale*, 202 AD2d 158, *lv denied* 83 NY2d 912; *People v Cascoigne*, 189 AD2d 714, *lv denied* 81 NY2d 1012). Moreover, the court properly determined, after a hearing, that the People proved by clear and convincing evidence that there was an independent source for any in-court identification of defendant by the other complainant whose precinct identification had been suppressed (*see, People v Williams*, 222 AD2d 149, *lv denied* 88 NY2d 1072).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.