■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TORRES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOLTERO, Appellant. [663 NYS2d 846] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered December 9, 1994, after a jury trial, convicting defendant Torres of murder in the second degree, attempted murder in the second degree, and 2 counts of assault in the first degree, and sentencing him to consecutive terms of 20 years to life, 8 to 16 years, $2^{1}/_3$ to 7 years, and $2^{1}/_3$ to 7 years, respectively, and judgment, same court and Justice, rendered November 9,

1994, after a jury trial, convicting defendant Soltero of murder in the second degree, attempted murder in the second degree, and assault in the first degree, and sentencing him to consecutive terms of 20 years to life, 6 to 12 years, and 2⅓ to 7 years, respectively, unanimously affirmed.

The People presented overwhelming evidence of the guilt of both defendants and the verdicts were not against the weight of the evidence. The court properly denied defendants' request for a circumstantial evidence charge because the evidence presented was not wholly circumstantial (*see, People v Holmes*, 204 AD2d 243, *lv denied* 84 NY2d 868).

The police approach to and arrest of defendant Soltero was lawful, and thus the physical evidence and identification testimony were not the tainted fruit of unlawful police conduct. The police had reasonable suspicion of criminal activity to justify the forcible stop and frisk of defendant Soltero because he and his companion, who fit radio run descriptions of two individuals involved in a street shooting, were observed running from the scene of the shooting, on an otherwise deserted street (*see, People v Hicks*, 68 NY2d 234, 238; *People v Tucker*, 223 AD2d 424). The record supports the court's findings that the ski mask recovered from defendant Soltero was observed by the police in plain view, and that the incriminating nature of the ski mask in context, was immediately apparent (*see, Coolidge v New Hampshire*, 403 US 443, 446-447). In any event, the temporary removal of the portion of the mask that remained in defendant Soltero's jacket pocket during the lawful frisk was a de minimis intrusion that did not violate defendant Soltero's Fourth Amendment rights (*see, People v George*, 84 AD2d 731). Additionally, the showup procedures were proper and lawful because they were conducted in close spatial and temporal proximity to the crime for the purpose of prompt and reliable identification, and there was no evidence of any police conduct that might have rendered the showups unduly suggestive (*see, People v Espala*, 223 AD2d 461, *lv denied* 88 NY2d 847).

Defendant Torres raises issues concerning denial of a missing witness charge and limitation on cross-examination during the independent source hearing that were previously rejected by this Court in deciding a codefendant's appeal (*People v Bonilla*, 233 AD2d 238, *lv denied* 89 NY2d 1009), and we see no reason to depart from our prior conclusions.

There is no evidence in the record that defendant Soltero's document entitled "Petition" was before the court at the time defendant Soltero made an application for substitution of

counsel. In any event, the court duly considered defendant Soltero's application, made mid-hearing, and appropriately exercised its discretion in denying that application after determining, based on the court's observations and consideration of defendant Soltero's claim that his counsel had not adequately consulted with defendant Soltero regarding trial strategy, that the application was without foundation and constituted a mere delaying tactic (*People v Medina*, 44 NY2d 199). We note that the record does not support any of defendant Soltero's claims set forth in the document entitled "Petition".

We perceive no abuse of discretion in sentencing. Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ. *[See,* 163 Misc 2d 822.]