■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GILBERT, Appellant. [745 NYS2d 155] —Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Felice Shea, J., at jury trial and sentence),

rendered March 20, 1998, convicting defendant of manslaughter in the first degree and assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

The court's *Sandoval* ruling permitting inquiry into one prior misdemeanor and one prior felony conviction, as well as the underlying facts of those crimes, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459), since these drug-related crimes demonstrated defendant's willingness to place his interests above those of society. Any prejudicial effect this evidence may have had with respect to factual issues raised at trial was outweighed by its probative value. We note that at the time of the *Sandoval* ruling the court made clear that, in the event that defendant testified, it would instruct the jury that his prior convictions were only relevant to his credibility and could not be used for any other purpose.

The court properly denied defendant's motion to suppress identification testimony. During a street canvass 24 days after the crime, an eyewitness positively identified defendant as the person who killed the deceased and assaulted the surviving victim. This resulted in defendant's immediate arrest, whereupon the witness re-identified him shortly thereafter at a station house showup. Under the circumstances, the showup was merely confirmatory (*see, People v Forestier*, 171 AD2d 630, *lv denied* 77 NY2d 994; *see also, People v Martindale*, 202 AD2d 158, *lv denied* 83 NY2d 912), and did not require suppression under the general rule barring precinct showup identifications (*see, People v Lorick*, 142 AD2d 501, *appeal withdrawn* 73 NY2d 785). This confirmatory identification following the initial identification made during the street canvass was clearly distinguishable from a precinct showup employed as the initial identification procedure after the crime.

Since the assault victim did not identify defendant after viewing the first photo array, there was no suggestive identification for defendant to challenge. The second array he viewed contained a completely different photograph of defendant and a review of that array reveals that the individuals depicted were of similar appearance. While it has been held that the inclusion of a single suspect's photograph in successive arrays is not a practice to be encouraged, it does not per se invalidate the identification procedures (*see, People v Cordilione*, 159 AD2d 864, 866-867, *lv denied* 76 NY2d 786). Suppression was not warranted here where different photographs of defendant were

included in the two arrays (*id.*). A review of the photograph of a subsequent lineup reveals that it was completely fair in including persons·possessing reasonably similar physical characteristics as defendant (*see, id.; see also, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant maintains that his attorney was ineffective for failing to move to reopen the *Wade* hearing after the assault victim testified at trial that the person who stabbed him was wearing a brown leather jacket on the night of the incident, since defendant was the only person depicted in the second photo array wearing a brown jacket. However, defendant's ineffective assistance claim should have been raised via a CPL 440.10 motion so that the record could be expanded to permit trial counsel to explain his trial tactics. In any event, although a photographic viewing in which a complainant identifies a defendant may be suggestive where the defendant is the only person in the array wearing particular clothing described by the complainant as having been worn by the perpetrator, where the clothing at issue is not unusual, such as a brown jacket, the identification procedure is not suggestive (*see, People v McClarin*, 157 AD2d 747, *lv denied* 75 NY2d 921). On the record before us, we conclude that counsel provided meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant has failed to preserve for appellate review his contentions regarding the identifications made by another witness, and we decline to review them in the interest of justice. Were we to review these claims, we would find that although the photograph of defendant in the array from which this witness made an identification was darker than the others, and while defendant's glasses were a little shinier than the glasses of the other individuals depicted, such differences were not " 'sufficient to create a substantial likelihood that the defendant would be singled out for identification' " (*People v Lee*, 96 NY2d 157, 163, quoting *People v Chipp*, 75 NY2d 327, 336, *supra*).

We have considered and rejected defendant's remaining claims. Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.