■ The People of the State of New York, Respondent, v Rene Santiago, Appellant. [768 NYS2d 327]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J., on consolidation motion; Dominic Massaro, J., at suppression hearing, jury trial and sentence), rendered February 15, 2002, as amended March 25, 2002, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.

The court appropriately exercised its discretion in granting the People's motion to consolidate the two robbery indictments pursuant to CPL 200.20 (2) (c) (see People v Lane, 56 NY2d 1 [1982]; People v Streitferdt, 169 AD2d 171, 176 [1991], lv denied 78 NY2d 1015 [1991]). There was no material variance in the quantity of proof presented with respect to the two crimes, and proof of each crime was presented separately, and was easily segregable in the minds of the jurors (see People v Ndeye, 159 AD2d 397 [1990], lv denied 76 NY2d 793 [1990]). Defendant's other arguments relating to the consolidation of the indictments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The court properly denied defendant's suppression motion. The evidence supports the court's conclusion that the showup identification procedure relating to the first robbery was not unduly suggestive. Under the particular circumstances, including the fact that the initial identification had been the victim's highly reliable spontaneous identification of defendant to an officer who was personally familiar with defendant and who subsequently apprehended him, the showup could not have increased the risk of misidentification (*see People v Gilbert,* 295 AD2d 275 [2002], *lv denied* 99 NY2d 558 [2002]; *People v Nixon,* 162 AD2d 225 [1990], *lv denied* 76 NY2d 862 [1990]; *see also People v Morales,* 37 NY2d 262, 271 [1975]). Defendant's claim that the lineup relating to the second robbery was rendered unduly suggestive because he was the only participant with a beard is unavailing, because his facial hair was not a factor in the victim's description of the assailant (*see People v Herrera,* 198 AD2d 9 [1993], *lv denied* 82 NY2d 925 [1994]), and because the lineup photograph establishes that defendant's small goatee was barely noticeable and that the lineup was fair (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.