■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GILMORE, Appellant. [902 NYS2d 346]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 28, 2007, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (three counts), attempted robbery in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 30 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the first-degree robbery conviction to 20 years, and directing that all sentences be served concurrently, resulting in a new aggregate term of 20 years, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. Defendant's guilt was established by reliable identification testimony and compelling circumstantial evidence.

The court properly denied defendant's suppression motion. The lineup at issue was not unduly suggestive, since the participants were reasonably similar to defendant in appearance, and any differences, when viewed in light of the descriptions given by the witnesses, did not create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Santiago*, 2 AD3d 263, 264 [2003], *lv denied* 2 NY3d 765 [2004]).

We find the sentence excessive to the extent indicated. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Catterson, JJ.