People v Lozano (2022 NY Slip Op 01349)





People v Lozano


2022 NY Slip Op 01349


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

110928
[*1]The People of the State of New York, Respondent,
v
Anthony Lozano, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered December 5, 2018 in Albany County, upon a verdict convicting defendant of the crime of criminal trespass in the second degree.
Defendant was charged by indictment with one count of burglary in the second degree. At the close of the People's proof during a jury trial, the People requested to include the charge of criminal trespass in the second degree as a lesser included offense, and the jury ultimately found defendant guilty of this lesser charge. Defendant was thereafter sentenced to one year in jail. Defendant appeals.
Initially, as defendant failed to renew his motion to dismiss at the close of evidence, his argument that the evidence was legally insufficient to support the conviction is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56, 61 [2001]). "Nevertheless, in reviewing whether the verdict is against the weight of the evidence, this Court necessarily must ensure that the People proved each element of the crime beyond a reasonable doubt. In conducting such a review, where an acquittal would not have been unreasonable, we view the evidence in a neutral light and, while giving deference to the jury's credibility determinations, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v White-Span, 182 AD3d 909, 910 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1071 [2020]; see People v Garrand, 189 AD3d 1763, 1763-1764 [2020], lv denied 36 NY3d 1120 [2021]).
A prima facie case of criminal trespass in the second degree is established when the People produce evidence that a defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (Penal Law § 140.15 [1]). One knowingly enters or remains unlawfully in a dwelling when he or she "is not licensed or privileged to do so" (Penal Law § 140.00 [5]). Here, both the victim and defendant testified that defendant was not given permission to enter the victim's apartment, and it was undisputed that the victim invited defendant to enter only once before, specifically to do repair work. A different verdict would not have been unreasonable had the jury believed defendant's testimony that he thought he had license to enter; however, deferring to the jury's credibility determinations, the weight of the evidence established that defendant unlawfully entered the victim's dwelling (see People v Butcher, 192 AD3d 1196, 1198 [2021], lv denied 36 NY3d 1118 [2021]).
"[I]n order to sustain a claim of ineffective assistance of counsel, a court must consider whether defense counsel's actions at trial constituted egregious and prejudicial error such that defendant did not receive a fair trial. A claim will fail so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the [*2]attorney provided meaningful representation" (People v Stover, 178 AD3d 1138, 1147 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1163 [2020]; see People v Porter, 184 AD3d 1014, 1018 [2020], lv denied 35 NY3d 1069 [2020]). "The burden is on the defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's choices" (People v Kelsey, 174 AD3d 962, 965 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 982 [2019], cert denied ___ US ___, 141 S Ct 2607 [2021]).
Here, defense counsel's stipulation to a showup identification was not erroneous, since the victim and defendant knew each other; this was a confirmatory viewing, not an investigatory identification, and there was no risk that it was unduly suggestive (see People v Dixon, 85 NY2d 218, 224 [1995]; People v Kelly, 194 AD2d 693, 693 [1993], lv denied 82 NY2d 756 [1993]). Nor was it error for defense counsel to withdraw the motion to suppress the duffle bag that defendant left outside the victim's house, as counsel was not required to "advance an argument that ha[d] little or no chance of success" (People v Williams, 35 NY3d 24, 45 [2020]; see People v Spencer, 169 AD3d 1268, 1271 [2019], lvs denied 34 NY3d 935, 938 [2019]). Further, viewing defense counsel's representation in its totality reveals that he made appropriate motions, set forth a clear trial strategy, effectively cross-examined witnesses and ultimately obtained an acquittal on the felony count in the indictment. We thus find that defendant received meaningful representation (see People v Ruffin, 191 AD3d 1174, 1183 [2021], lv denied 37 NY3d 960 [2021]; People v Barzee, 190 AD3d 1016, 1021 [2021], lv denied 36 NY3d 1094 [2021]).
Finally, as defendant has completed serving his jail sentence, his argument that the sentence was harsh and excessive is moot (see People v Driscoll, 176 AD3d 1259, 1260 [2019]; People v Parker, 156 AD3d 1059, 1060 [2017]).
Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.