People v Collins (2024 NY Slip Op 03564)

People v Collins

2024 NY Slip Op 03564

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

110059
[*1]The People of the State of New York, Respondent,
v
Isha T. Collins, Appellant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Jeffrey R. Parry, Oneida, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered August 28, 2017, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree (two counts) and assault in the third degree.
In April 2017, defendant was charged by indictment with two counts of attempted robbery in the second degree and one count of assault in the third degree. The charges stemmed from an incident wherein defendant and two other women were driving in a sedan when they approached the victim, who was walking down the street. Defendant got out of the car, ran up to the victim and "started digging into" the victim's pockets and looking through her clothes. The two other women then got out of the car and "a scuffle" ensued, resulting in the victim on the ground while being kicked in the head. An eyewitness honked her car's horn to get the women's attention, which caused the three women to get back into the sedan and leave. After a jury trial, defendant was convicted as charged and was sentenced to a split sentence of 90 days in jail and five years of probation on each count, to run concurrently. Defendant appeals.
Defendant first contends that County Court erred by refusing to preclude the victim and the eyewitness from identifying her at trial because of an unduly suggestive showup identification. "[A] showup identification is permissible so long as it was reasonable under the circumstances — that is, when conducted in close geographic and temporal proximity to the crime — and the procedure used was not unduly suggestive" (People v Colvin, 218 AD3d 1016, 1020 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 1038 [2023]). "A showup is not unduly suggestive if it occurs under circumstances which were not so unnecessarily suggestive as to create a substantial likelihood of misidentification" (People v Smith, 185 AD3d 1203, 1207 [3d Dept 2020] [internal quotation marks and citations omitted]). "Although the People bear the initial burden of demonstrating that the showup procedure was reasonable under the circumstances, the defendant bears the ultimate burden of proving that it [was] unduly suggestive and subject to suppression" (People v Gilley, 163 AD3d 1156, 1158 [3d Dept 2018] [internal quotation marks, brackets and citation omitted], lv denied 33 NY3d 948 [2019]).
As defendant concedes, the police conducted this showup promptly, and it was reasonable under the circumstances. Thus, the only question is whether the procedure used was unduly suggestive. We agree with County Court that it was not. Testimony at the Wade hearing demonstrated that, while the showup was conducted, defendant and the other two women stood in front of the green sedan in which they were pulled over while one police officer drove the victim by the women. None of the women were in handcuffs. In a separate vehicle, a state trooper drove the eyewitness by the women. After driving by, both the victim and [*2]the eyewitness identified defendant and the other two women as the perpetrators. Testimony also demonstrated that there was a police car nearby as well as two officers "standing by with [the women]." The Second Department has found a nearly identical showup to not be unduly suggestive — the only difference was that there, unlike here, the defendant was handcuffed when the identification occurred (see People v Berry, 50 AD3d 1047, 1048 [2d Dept 2008], lv denied 10 NY3d 956 [2008]). This Court's decisions are in accord (see e.g. People v Hilton, 166 AD3d 1316, 1320 [3d Dept 2018], lv denied 32 NY3d 1205 [2019]; People v Coleman, 144 AD3d 1197, 1198-1199 [3d Dept 2016]; People v Mathis, 60 AD3d 1144, 1146 [3d Dept 2009], lv denied 12 NY3d 927 [2009]).[FN1] Accordingly, County Court did not err by denying defendant's motion to preclude the victim and the eyewitness from identifying her in court.
Next, defendant argues that she was denied the effective assistance of counsel when her attorney advised that she waive a Huntley hearing which, she claims, was her "only chance" at acquittal. "The constitutional guarantee of effective assistance of counsel is met where a defendant was afforded meaningful representation based on the evidence, the law, and the circumstances of the particular case, viewed in totality and as of the time of the representation" (People v Maffei, 35 NY3d 264, 269 [2020] [internal quotation marks, brackets and citations omitted]; accord People v Machia, 206 AD3d 1272, 1277 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]). When an ineffective assistance of counsel claim is predicated on a single error, the error must "involve an issue that was so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v Espinosa, 40 NY3d 1065, 1066 [2023] [internal quotation marks, brackets and citations omitted], cert denied ___ US ___, 144 S Ct 1107 [2024]).
As relevant here, before the Wade hearing, counsel informed County Court that he spoke with defendant, and she was "prepared to waive" the Huntley hearing. Counsel elaborated that he advised defendant the motion "is going to be denied," and "[b]ased on that recommendation, [defendant] . . . would rather spend time meeting with [counsel] during th[e] period of time before jury selection begins." After the court asked defendant if she knew her rights regarding a Huntley hearing, defendant waived her right to challenge the admissibility of her statements in such a hearing. A brief summary of defendant's statements and the circumstances in which they were made adds context to counsel's decision. At trial, a police officer who arrested defendant testified that he told defendant and the two other women that they "were going to be charged with robbery for the incident," and defendant responded by saying, "[s]he owe her money, that's why we whoop her a**." One of the other women with defendant said something to the same effect. The three women were in separate holding [*3]cells at this time, and defendant later testified that the officer was speaking to them before that, but about "a deer and stuff like that." She also testified that she did not believe she was under arrest when the statements were made, as they were "just taken down there to be questioned."[FN2] Thus, had there been a Huntley hearing, the key issue would have been whether the officer informing the suspects of the charges against them was subtle interrogation. Although the officer's statement was accusatory, it was a statement of fact designed to inform the women of what would happen to them — unlikely designed to induce, provoke or encourage an incriminating response (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Durant, 6 AD3d 938, 940 [3d Dept 2004], lv denied 3 NY3d 639 [2004]; compare People v Lanahan, 55 NY2d 711, 712-714 [1981]). Given the foregoing, defendant's motion was unlikely to be successful (see People v Machia, 206 AD3d at 1277-1278), or, at the very least, it did not "involve an issue that was so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v Espinosa, 40 NY3d at 1066 [internal quotation marks, brackets and citations omitted]). "Further, viewing defense counsel's representation in its totality reveals that he made appropriate motions, set forth a clear trial strategy [and] effectively cross-examined witnesses" (People v Lozano, 203 AD3d 1231, 1233 [3d Dept 2022]); thus, defendant received meaningful representation (see People v Ambers, 26 NY3d 313, 320 [2015]).We have examined defendant's remaining contentions and find them to be without merit.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's mention that "[t]he arresting officer specifically stated to the victim that . . . they would drive 'past the girls to identify them' " is not supported by the record, as that quote came from the victim's trial testimony.

Footnote 2: Although this statement was elicited at trial, not at the Wade hearing, it is the only information in this record that this Court can review to gauge the likely strength of defendant's argument at a theoretical Huntley hearing.