■ In the Matter of JAMES L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated May 29, 1986, which, upon a fact-finding order of the same court, dated March 26, 1986, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, placed him on probation for two years. The appeal brings up for review the fact-finding order dated March 26, 1986, and the denial, after a hearing, of the appellant's motion to suppress certain physical evidence.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the appellant's motion to suppress certain physical evidence is granted, and the petition is dismissed.

On October 11, 1985, approximately 20 police officers, in-

cluding Police Officer Timothy Mulhall, executed a search warrant which authorized the search of a grocery store premises believed to be used for the sale of narcotics. Mulhall testified that 6 or 8 officers entered the premises, which was then open for business. Following their usual procedure, one of the officers announced "Police", told everyone to freeze in place, and everyone inside the premises was patted down for weapons for the safety of the officers.

While patting down the appellant, Mulhall felt a package which he claimed he identified by touch as containing cocaine, and recovered it from the appellant's jacket pocket. Mulhall explained that he secured the package "to safeguard against [the] possible destruction of any evidence".

We find that under the circumstances herein, the hearing court erred in denying the appellant's motion to suppress the seized cocaine.

In the absence of probable cause to arrest, Mulhall's search of the appellant for weapons could only be justified at the outset if Mulhall had a reasonable belief, based on particularized facts, that the appellant was armed and dangerous *(see, Ybarra v Illinois,* 444 US 85, 92-93, *reh denied* 444 US 1049; *Terry v Ohio,* 392 US 1). The standard is not satisfied by the individual's mere presence on the premises where an authorized narcotics search is taking place *(see, Ybarra v Illinois, supra,* at 94). Here, Mulhall failed to testify to any facts from which he could have inferred that the appellant was armed and dangerous.

Even assuming, arguendo, that there were adequate grounds to search the appellant for weapons, the nature and scope of the search conducted by Mulhall were so clearly unrelated to that justification as to render the cocaine inadmissible. When Mulhall thrust his hand into the appellant's pocket and took the package, he was looking for narcotics, and not weapons. Thus, the search was not reasonably limited in scope to the accomplishment of the goal which might conceivably have been justified in its inception, to wit, the protection of the officer by disarming a potentially dangerous individual *(see, Sibron v New York,* 392 US 40, 65). The search and seizure therefore violated the guarantee of the Fourth Amendment, which does not permit, without independent justification, evidentiary searches of persons who happen to be present on the premises subject to a search warrant *(see, Ybarra v Illinois, supra,* at 93-94).

In light of our determination, we need not reach the other

issues raised by the appellant. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.