■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ARVIELLO, Also Known as ROBERTO ARVELO, Appellant. —Judgment, Supreme Court, New York County (Rose Rubin,

J.), rendered June 21, 1984, convicting defendant, upon his plea of guilty (after denial of his motion to suppress) of criminal possession of a weapon in the third degree and imposing a probationary sentence, and order of the same court entered December 17, 1985, sentencing him to 1½ to 4½ years' imprisonment for this conviction for violation of such probation reversed, on the law and the facts, the motion to suppress granted, and indictment No. 256 of 1984 is dismissed.

On the evening of December 29, 1983, uniformed Housing Police Officers Michael Keenan and Edwin Fernandez were on routine patrol in their marked squad car when at 10:30 P.M. they pulled up at the New York City housing project located at 1760 Lexington Avenue. Both officers were aware of past problems with trespassers and loiterers in the lobby and on rooftop of this residence. When the officers pulled up to the entrance of the building, they noticed a group of about 15 people in and around the interior lobby. As they stepped out of their vehicle all the members of this assemblage scattered in different directions and disappeared. As Officer Keenan passed through a four-foot vestibule and entered the deserted lobby he took note of an odor of marihuana in the air. At this point the defendant emerged into view and walked directly toward Officer Keenan and his partner behind him. At this point Keenan obstructed defendant's path and the officer placed either his left arm or hand upon defendant's right shoulder, following which he asked defendant his name and an explanation for his presence in the building. Defendant made no response to either question. Officer Keenan then testified that he started to lose contact with defendant because the latter "swayed", turned away and brought his right arm up towards his open jacket pocket. Officer Keenan intercepted the movement of defendant's hand, and reaching inside the jacket recovered the .25 caliber handgun which became the subject of defendant's suppression motion. A later search of defendant revealed a single bullet and an empty clip (which did not fit this weapon). After a struggle, defendant was apprehended.

Criminal Term denied defendant's motion to suppress, but no written findings of fact nor conclusions of law, if made, have been found, nor does the transcript contain any. Accordingly, we fashioned our own on the full record. This is a case where the arm of the law was, if not too long, at least too precipitous. At the outset, there was absolutely nothing to link defendant to the activities of the group of persons who had fled the scene at the two officers' approach. Therefore,

there was no legal basis for the "significant interruption with defendant's liberty of movement" by the abrupt physical invasion of defendant's person by the officer *(People v Torres,* 115 AD2d 93, 97). While it would have been permissible to question defendant as to his presence in the building, "there was nothing that made permissible any greater level of intrusion. The officers * * * had not seen defendant do anything criminal, and were confronted only by facts [as far as this defendant was concerned] susceptible of innocent interpretation" *(People v Howard,* 50 NY2d 583, 590). Clearly, defendant's mere presence in an area where possible criminal conduct of others had taken place provided a wholly insufficient basis to support the physical restraint employed here. Officer Keenan's conduct, while undoubtedly responsive to the pressure of events as he perceived them, nonetheless fails to measure up to the test enunciated by the United States Supreme Court in *Sibron v New York* (392 US 40, 64): "The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. *Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so.* In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." (Emphasis added.) Since this search and seizure fell well below constitutional strictures, the fruits thereof must be suppressed and the indictment dismissed *(People v Allen,* 109 AD2d 24). Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Smith, JJ.