■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH MORALES, Respondent.—Order of the Supreme Court, New York County (Jerome Marks, J.), entered on October 30, 1987, which suppressed the weapon recovered from defendant on the ground that he was illegally searched, is unanimously affirmed.

As the police were finishing up a buy-and-bust operation inside an upper Manhattan "smoke shop", defendant entered the premises. He promptly turned to leave, but was pushed up against the wall and explained that he had entered to buy a bag of marihuana. The officer who accosted defendant felt something hard at defendant's waist when he pushed and, acting on what he had just detected, then reached in and retrieved a handgun.

The People appeal from the order suppressing the handgun.

An affirmance is in order because defendant's forcible detention was not reasonably related to the articulable basis for the police action. A crime had been committed, but defendant was in no way connected to the marihuana sale that had been just concluded. *(People v Arviello,* 133 AD2d 589.) He just happened to interrupt the police search of the premises. *(People v Fripp,* 85 AD2d 547, *affd* 58 NY2d 907; *Matter of James L.,* 133 AD2d 460, 461.) Accordingly, there was no basis for the officer to physically accost defendant. Since the officer's actions led to the discovery of defendant's waistband bulge and the revelation of defendant's unlawful purpose, these factors cannot be used to validate the search. *(People v Cantor,* 36 NY2d 106, 111.) Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.