Devine, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 15, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. County Court thereafter imposed the agreed-upon sentence of seven years in prison to be followed by three years of postrelease supervision. Defendant now appeals.
We affirm. We reject defendant’s contention that his waiver of the right to appeal was invalid. County Court distinguished the right to appeal from the rights automatically forfeited upon *1350 a guilty plea, and defendant acknowledged that he understood the ramifications of the waiver and executed a written waiver in open court. Accordingly, we conclude that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Neithardt, 127 AD3d 1502, 1502 [2015]; People v Brown, 125 AD3d 1049, 1049 [2015]). The valid appeal waiver precludes his claim that his sentence is harsh and excessive (see People v Almeida, 127 AD3d 1499, 1500 [2015], lv denied 26 NY3d 1006 [2015]; People v Turner, 126 AD3d 1228, 1229 [2015]), as well as his challenge to County Court’s denial of his application to redact certain information contained in the presentence investigation report (see People v Guyette, 121 AD3d 1430, 1431 [2014]; People v Abdul, 112 AD3d 644, 645 [2013], lv denied 22 NY3d 1136 [2014] ).
Defendant’s claims that his guilty plea was not voluntary and that the plea allocution was not factually sufficient are not preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Pickett, 128 AD3d 1275, 1276 [2015], lv denied 26 NY3d 933 [2015]; People v Martin, 125 AD3d 1054, 1054 [2015], lv denied 26 NY3d 932 [2015]). Defendant “made no statements during the plea colloquy that would bring this matter within the narrow exception to the preservation requirement” (People v Pickett, 128 AD3d at 1276).
Finally, we reject defendant’s contention that he was illegally sentenced as a second violent felony offender, although he correctly notes that the People submitted a predicate felony offender statement that erroneously indicated that he was subject to being sentenced as a second violent felony offender (see Penal Law § 70.04 [1] [a]). The sentencing minutes reflect that County Court properly sentenced defendant as a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70 [4] [b] [i]; People v Feliciano, 108 AD3d 880, 881 n [2013], lv denied 22 NY3d 1040 [2013]). While the judgment is therefore affirmed, we note that the uniform sentence and commitment form incorrectly reflects that defendant was sentenced as a second felony offender and it must be amended to reflect his status as a second felony drug offender with a prior violent felony conviction (see People v Labaff, 127 AD3d 1471, 1472 [2015], lv denied 26 NY3d 931 [2015]; People v Feliciano, 108 AD3d at 881 n).
Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.