People v Hollingsworth (2021 NY Slip Op 00925)





People v Hollingsworth


2021 NY Slip Op 00925


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


52 KA 19-00151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIUS HOLLINGSWORTH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James A.W. McLeod, A.J.), rendered November 28, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the weapon found in his vehicle. According to defendant, although the police officers legally executed a search warrant for the apartment complex where he resided, their purportedly immediate arrest of him was illegal. We reject defendant's contention inasmuch as his detainment while the officers executed the search warrant was lawful (see People v Henderson, 162 AD3d 517, 517 [1st Dept 2018], lv denied 32 NY3d 1111 [2018]). Defendant further contends that the weapon should be suppressed because the police illegally used his key fob to locate his vehicle, which led to the discovery of the firearm. We similarly reject that contention. Defendant was handcuffed while lying on the floor and, upon one of the officers standing defendant up, a vehicle key fob appeared beneath defendant. Defendant denied ownership of the key fob, and the officer activated the panic button to determine the location of the car, which was in an adjacent parking lot. While standing outside of the car, the officer observed the butt of a revolver underneath the seat and, thereafter, obtained a search warrant for the car. We conclude that defendant's disclaimer of ownership of the key fob constituted an abandonment of the same (see People v Muscoreil, 214 AD2d 953, 953 [4th Dept 1995], lv denied 86 NY2d 799 [1995], cert denied 516 US 1059 [1996]), and therefore defendant lacked standing to challenge its seizure and subsequent use (see People v Osteen, 145 AD3d 1515, 1517 [4th Dept 2016], lv denied 29 NY3d 951 [2017]; People v Stevenson, 273 AD2d 826, 827 [4th Dept 2000]; see also People v Smith, 170 AD3d 1564, 1565 [4th Dept 2019], lv denied 33 NY3d 1035 [2019]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court