People v Rashid (2021 NY Slip Op 04390)





People v Rashid


2021 NY Slip Op 04390


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

110738
[*1]The People of the State of New York, Respondent,
v
Amin A. Rashid, Appellant.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Theodore J. Stein, Woodstock, for appellant.
Michael A. Korchak, District Attorney (Rita M. Basile of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered July 19, 2018, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and perjury in the first degree (two counts).
In October 2017, defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after he was found to be in possession of a .38 caliber Smith & Wesson handgun following the execution of a "no-knock" search warrant on an apartment located in the City of Binghamton, Broome County. In December 2017, the People filed a superseding indictment charging defendant with two counts of perjury in the first degree based upon certain testimony that he provided before the grand jury. Defendant moved, pro se, to suppress the handgun and certain statements that he made to law enforcement during execution of the warrant and, following a hearing, County Court denied defendant's suppression motion. A jury trial ensued, following which defendant was convicted as charged. Defendant was thereafter sentenced, as a persistent felony offender, to a prison term of 18 years to life for his conviction of criminal possession of a weapon in the second degree and to lesser concurrent prison terms for his remaining convictions. Defendant appeals.
Defendant contends that County Court erred in not suppressing the handgun inasmuch as it was only found after an illegal and unconstitutional search. We disagree. The evidence at the suppression hearing established that, at approximately 4:00 p.m. on September 7, 2017, the Broome County Special Investigations Unit Task Force executed a no-knock search warrant on the apartment of April Hawley.[FN1] The officers used a battering ram to enter the apartment, identified themselves as police officers and ordered the occupants thereof to get on the ground. Detective Todd Haven was the first officer to enter the apartment and observed an individual — later identified as defendant — running towards the back porch of the apartment. As defendant exited out the rear door of the apartment to an adjoining porch, officers stationed to the rear of the building ordered defendant to the porch floor. Haven arrived moments later as defendant was getting on his stomach, detained him and placed him in handcuffs. Haven then observed the handle of a gun — which was wrapped in a red and white bandana — sticking out of defendant's right back pocket. Detective Daniel Browne, who was helping secure defendant, also observed the outline of a handgun in defendant's back pocket and proceeded to remove it. Haven asked defendant if the handgun was loaded, to which defendant responded that he did not know. Upon examination, defendant was found to be in possession of a .38 caliber handgun, loaded with two rounds of ammunition.
Initially, although defendant was not named [*2]in the search warrant for the subject apartment, as defendant concedes in his brief, "[a] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted'" (Linson v City of New York, 98 AD3d 1002, 1003 [2012], lv denied 20 NY3d 855 [2013], quoting Michigan v Summers, 452 US 692, 705 [1981]; see People v Hollingsworth, 191 AD3d 1412, 1413 [2021], lv denied 36 NY3d 1120 [2021]; People v Henderson, 162 AD3d 517, 517 [2018], lv denied 32 NY3d 1111 [2018]; People v Jackson, 88 AD3d 451, 451-452 [2011], lv denied 18 NY3d 884 [2012]; People v Smith, 164 AD2d 456, 457-458 [1990], affd 78 NY2d 897 [1991]; see also Muehler v Mena, 544 US 93, 102 [2005]). With regard to the pat frisk of defendant, at the time the warrant was executed, police had probable cause to believe that narcotics were being sold from the subject apartment. The execution of a no-knock search warrant under such circumstances is understood to be "the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence" (Bailey v United States, 568 US 186, 192-195 [2013] [internal quotation marks and citation omitted]; see People v Soler, 92 AD2d 280, 286 [1983]). Accordingly, upon entry of the apartment, when defendant failed to comply with the officers' demands to "[g]et on the ground" and attempted to flee out the back door, the officers had a reasonable basis to believe that defendant could be disposing of evidence, and they were justified in their concern not only for their own safety but that of the other occupants of the apartment. Under the circumstances, therefore, the police were justified in briefly detaining defendant in order to pat him down for weapons (see People v Abernathy, 175 AD2d 407, 408 [1991], lv denied 78 NY2d 1073 [1991]; People v Smith, 164 AD2d at 457-458; People v Soler, 92 AD2d at 286; compare Ybarra v Illinois, 444 US 85, 93-94 [1994]; Matter of James L., 133 AD2d 460, 461 [1987]).[FN2] Additionally, although defendant was apprehended on the back porch of the apartment, he was nevertheless lawfully detained incident to the execution of the search warrant as he was ordered to the ground mere feet away from the apartment's back door and remained within the immediate vicinity of the area to be searched (see People v Johnson, 132 AD3d 1295, 1296 [2015], lv denied 27 NY3d 1134 [2016]; see also Bailey v United States, 568 US at 192-195).
County Court also properly denied defendant's motion to suppress the statement that he made to law enforcement while being patted down. Although defendant was handcuffed, in custody and had not been advised of his Miranda rights when he was asked by Haven whether the handgun that was retrieved from his back pocket was loaded, said inquiry was not made to elicit an incriminating response, but was made for the purpose of alleviating the inherent risk of securing a potentially [*3]loaded weapon and protecting the safety of defendant, responding officers and those other individuals present during the execution of the warrant (see New York v Quarles, 467 US 649, 655-657 [1984]; People v Reyes, 62 AD3d 570, 570-571 [2009], lv denied 13 NY3d 748 [2009]; People v Leach, 6 AD3d 238, 238 [2004], lv denied 3 NY3d 643 [2004]). Accordingly, Haven's question fell squarely within the public safety exception to the Miranda requirement and, therefore, suppression of defendant's statement was appropriately denied (see People v Lubrano, 117 AD3d 1239, 1240-1241 [2014], lv denied 25 NY3d 990 [2015]).
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The warrant authorized the search of both Hawley and her apartment based upon probable cause that she was selling cocaine.

Footnote 2: This is particularly so where, as here, the officers immediately observed what appeared to be a handgun sticking out of defendant's rear pocket (see People v Smith, 164 AD2d at 458).