People v Covington (2023 NY Slip Op 06559)

People v Covington

2023 NY Slip Op 06559

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

110325
[*1]The People of the State of New York, Respondent,
v
Abdul S. Covington, Appellant.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John A. Cirando, Syracuse, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (William C. Pelella, J.), rendered February 13, 2018, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree.
Law enforcement officials executed a no-knock warrant and entered the subject apartment. After their entry, defendant, who was inside, unsuccessfully attempted to flee. Upon a search of the apartment, narcotics, a digital scale and other drug paraphernalia were discovered in plain sight. Defendant and the codefendant, who was also in the apartment, were charged by indictment with various crimes.[FN1] Prior to trial, defendant moved to suppress, among other things, a key that was found in his jacket after he had been arrested. Following a suppression hearing, County Court denied the motion. A jury trial ensued, after which defendant was convicted of three counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree. The court sentenced defendant, as a second felony offender, to concurrent prison terms, the greatest of which was six years, to be followed by three years of postrelease supervision. Defendant appeals.[FN2]
Defendant challenges the verdict as not being supported by legally sufficient evidence or, alternatively, as being against the weight of the evidence. Defendant specifically argues that the People failed to show that he constructively possessed the contraband found in the apartment. "[C]onstructive possession is proven by demonstrating that [the] defendant exercised dominion and control over the location where contraband was found, and exclusive access is not required" (People v Smith, 201 AD3d 1126, 1131 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1035 [2022]). "To determine constructive possession, courts may consider the defendant's proximity to the contraband, whether the defendant had keys to the location where the contraband was found, whether the contraband was in plain view and whether there is witness testimony that the contraband belonged to the defendant" (People v Durfey, 170 AD3d 1331, 1332 [3d Dept 2019] [internal quotation marks, ellipsis and citation omitted], lv denied 34 NY3d 980 [2019]).
The trial evidence establishes that, after police officers entered the apartment upon executing a no-knock warrant, defendant came from the living room area and attempted to flee. Defendant, though, was ultimately subdued and detained. Officers testified that, inside the apartment, they found, in plain view, knotted plastic wraps containing heroin and crack cocaine, glassine envelopes with heroin, drug paraphernalia, a digital scale and painters masks, which one officer testified are used [*2]for the distribution of heroin. The record also discloses that defendant's wallet was found on a table near a knotted wrap of heroin. Prior to being taken away from the apartment, defendant requested his jacket and indicated that it was in another room. A jacket was handed to defendant, and a set of keys was found therein. Defendant confirmed that the jacket and the keys were his. An officer stated that he tested one of the keys on the lock of the apartment door and that it unlocked the apartment door. Also, a search of defendant revealed over $1,500 in cash in his pocket. Another witness testified that, on the day in question, he had gone to the apartment to purchase heroin as he had previously done on prior occasions, and that he had purchased heroin from defendant at that apartment in the past. Viewing the foregoing evidence in the light most favorable to the People, legally sufficient evidence exists for a rational juror to conclude that defendant constructively possessed the narcotics at issue (see People v Carpenter, 51 AD3d 1149, 1150-1151 [3d Dept 2008], lv denied 11 NY3d 786 [2008]; People v Banks, 14 AD3d 726, 727-728 [3d Dept 2005], lv denied 4 NY3d 851 [2005]; People v Miller, 13 AD3d 890, 891 [3d Dept 2004]).
As to defendant's weight of the evidence assertion, a contrary result would not have been unreasonable had the jury credited the proof tendered by defendant (see People v Bonaparte, 196 AD3d 866, 868 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]). In this regard, defendant testified that he believed that the apartment belonged to the codefendant and that he did not see any drugs or scales in the apartment. He further testified that, after entering the apartment, he needed to use the bathroom and, immediately prior to doing so, he placed his wallet on a table. Soon after defendant exited the bathroom, the door to the apartment flew off the hinges, and he saw individuals with masks enter the apartment. Defendant also explained why he had a significant amount of cash on him by testifying that he cashed a check earlier in the day. Defendant's girlfriend supported this explanation by testifying that she gave defendant some money so that he could purchase a game system for her son. Whether to credit this proof, however, is a determination resting within the province of the jury (see People v Perry, 116 AD3d 1253, 1255 [3d Dept 2014]), and the jury apparently rejected this proof. Viewing the evidence in a neutral light and deferring to the jury's credibility assessments, the verdict is not against the weight of the evidence (see People v Paul, 202 AD3d 1203, 1207-1208 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Durfey, 170 AD3d at 1334; People v Crooks, 129 AD3d 1207, 1209 [3d Dept 2015], affd 27 NY3d 609 [2016]).
Defendant argues that the key found in his jacket should have been suppressed because its discovery stemmed from an unlawful search. "A police officer may conduct a warrantless search of a defendant's person and [*3]possessions incident to a lawful arrest" (People v Drayton, 189 AD3d 1888, 1889 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1119 [2021]). An arrest of an individual without a warrant is permissible provided that such arrest is supported by probable cause (see People v Maldonado, 86 NY2d 631, 635 [1995]; People v Ormsby, 30 AD3d 757, 758 [3d Dept 2006], lv denied 7 NY3d 816 [2006]). The proof from the suppression hearing largely mirrored the proof at trial. That said, in view of the evidence that police officers were executing a no-knock warrant for narcotics and defendant's attempt to flee upon the entry of the police officers, probable cause existed to arrest defendant, thereby justifying the search (see People v Rashid, 196 AD3d 915, 917 [3d Dept 2021], lv denied 37 NY3d 994 [2021]; People v Smith, 164 AD2d 456, 458 [3d Dept 1990], affd 78 NY2d 897 [1991]).[FN3] Regardless, even if County Court erred in its suppression ruling, any error was harmless (see People v Persen, 185 AD3d 1288, 1295 [3d Dept 2020], lv denied 36 NY3d 1099 [2021]).
Defendant argues that County Court should have permitted him to introduce statements that were made by the codefendant at the codefendant's plea hearing. Prior to opening statements, defendant made an application to admit this evidence. The court, however, reserved decision on this application. After the People rested, defendant tendered proof on his behalf. At no point after the People rested or during the presentation of his proof did defendant attempt to introduce the codefendant's statements or renew his application to do so. There is also no indication in the record that defendant asked the court to issue a ruling on his evidentiary application. Under these circumstances, defendant has abandoned any argument that the codefendant's statements should have been admitted at trial (see People v Graves, 85 NY2d 1024, 1027 [1995]; People v Forte, 70 AD3d 963, 964 [2d Dept 2010], lv denied 15 NY3d 750 [2010]; People v Spencer, 219 AD2d 259, 265 [3d Dept 1996], lv denied 88 NY2d 1024 [1996]).
Defendant takes issue with County Court's ruling permitting the People to offer testimony from a witness who said that he had previously purchased drugs from defendant. As the court found, however, such testimony was material to the issue of defendant's intent to sell, an element of one of the charged crimes (see People v Wright, 5 AD3d 873, 875-876 [3d Dept 2004], lv denied 3 NY3d 651 [2004]), and its probative value outweighed any prejudice to defendant (see People v Doane, 212 AD3d 875, 881 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]). Taking into account that the court gave a limiting instruction at the time such evidence was offered (see People v Small, 12 NY3d 732, 733 [2009]; People v Paul, 202 AD3d at 1211) and again during the final charge, defendant was not deprived of a fair trial on this basis. Defendant's assertion that the court erred in failing to give a circumstantial evidence [*4]charge is belied by the record, given that the court did instruct the jury on the difference between direct and circumstantial evidence. Defendant's further assertion that the court erred in providing a modified circumstantial evidence charge, to the extent properly before us, is without merit (see People v Wlasiuk, 136 AD3d 1101, 1104-1105 [3d Dept 2016], lv denied 27 NY3d 1009 [2016]).
Defendant raises other grounds in support of his argument that he was denied a fair trial, but they are unpreserved. In this regard, defendant did not request an accomplice charge (see People v Mahan, 195 AD2d 881, 882 [3d Dept 1993]) and did not object to allegedly prejudicial statements made by the prosecutor during summation (see People v Casey, 214 AD3d 1121, 1123 [3d Dept 2023], lv denied 40 NY3d 927 [2023]) or to the court's Allen charge (see People v File, 201 AD3d 1036, 1039 [3d Dept 2022], lv denied 38 NY3d 950 [2022]). That said, defendant also contends that the failure to raise these objections amounted to ineffective assistance of counsel. The failure to make objections or arguments that have little chance of success, however, does not constitute ineffective assistance (see People v Leonard, 177 AD3d 1158, 1163 [3d Dept 2019], lv denied 34 NY3d 1160 [2020]). As to the accomplice charge, there was ample proof corroborating the testimony of the witness who testified that he intended to purchase drugs from defendant and, therefore, "defendant would not have derived a benefit from an accomplice charge" (People v Thorpe, 141 AD3d 927, 935 [3d Dept 2016], lv denied 28 NY3d 1031 [2016]; see People v Smith-Merced, 50 AD3d 259, 259 [1st Dept 2008], lv denied 10 NY3d 939 [2008]). Contrary to defendant's claim, the court's Allen charge was not coercive (see People v Decker, 218 AD3d 1026, 1044 [3d Dept 2023], lv denied 40 NY3d 1012 [2023]). Regarding the prosecutor's summation, the alleged improper comments were not so pervasive or flagrant so as to warrant a new trial (see People v Sevilla-Rosales, 206 AD3d 1247, 1250 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]). Considering defense counsel's representation in its entirety, which included obtaining the acquittal of one count, defendant's ineffective assistance of counsel argument is unavailing (see People v Lozano, 203 AD3d 1231, 1233 [3d Dept 2022]).
Finally, the imposed sentence is not unduly harsh or severe, and we decline defendant's invitation to modify it in the interest of justice. We nonetheless note that, although defendant was apparently sentenced as a second felony drug offender, the sentencing hearing transcript and the uniform sentence and commitment form explicitly disclose that defendant was sentenced as a second felony offender. The matter must be remitted for County Court to amend the uniform sentence and commitment form to reflect the correct status (see People v Butler, 134 AD3d 1349, 1350 [3d Dept 2015], lv denied 27 NY3d 963 [2016]; People v Labaff, 127 AD3d 1471, 1472 [3d Dept 2015], lv [*5]denied 26 NY3d 931 [2015]).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Broome County for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: The codefendant eventually pleaded guilty to criminal possession of a controlled substance in the seventh degree.
Footnote 2: Defendant's notice of appeal contains an incorrect date for the judgment of conviction. Notwithstanding this, we exercise our discretion to overlook this error and treat the notice of appeal as valid (see People v Favreau, 174 AD3d 1226, 1227 n [3d Dept 2019], lv denied 34 NY3d 980 [2019]).

Footnote 3: Defendant argues that a police officer engaged in an illegal search by testing the key on a lock, but this argument was not raised in the suppression motion. Accordingly, it is unpreserved (see People v Durham, 146 AD3d 1070, 1072 [3d Dept 2017], lv denied 29 NY3d 997 [2017]).